Electronically FILED by Superior Court of California, County of Riverside on 02/16/2022 09:30 AM
Case Number CVRI2200647 0000012081708 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE;
CITRUS WELLNESS CENTER, LLC; ENSEMBLE HEALTHCARE LLC;
PACIFIC REHABILITATION & WELLNESS CENTER, LP; PACIFIC WELLNESS GP, LLC; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)*

LATIFA KHAN, Individually and as heir and Successor in Interest to NAFIU KHAN, Deceased

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Riverside Historic Courthouse<br>*(El nombre y dirección de la corte es):* 4050 MAIN ST<br>RIVERSIDE, CA 92501 | CASE NUMBER: *(Número del Caso):*<br>CVRI2200647 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Dawn M. Smith
325 N. St. Paul St., 29th Floor, Dallas, Texas 75201
214-953-1900

DATE:
*(Fecha)* 02/16/22

Clerk, by _Araceli Amezcua_, Deputy
(Secretario)                        (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date)* 2/24/22

GC68150(g)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Riverside on 02/16/2022 09:30 AM
*Case Number CVRI2200647 0000012081708 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE;
CITRUS WELLNESS CENTER, LLC; ENSEMBLE HEALTHCARE, LLC;
PACIFIC REHABILITATION & WELLNESS CENTER, LP; PACIFIC WELLNESS GP, LLC; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LATIFA KHAN, Individually and as heir and Successor in Interest to NAFIU KHAN, Deceased

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Riverside Historic Courthouse *(El nombre y dirección de la corte es):* 4050 MAIN ST   RIVERSIDE, CA 92501 | **CASE NUMBER:** *(Número del Caso):* CVRI2200647 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Dawn M. Smith
325 N. St. Paul St., 29th Floor, Dallas, Texas 75201
214-953-1900

| DATE: *(Fecha)* 02/16/22 | Clerk, by *(Secretario)* Araceli Amezcua | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**[SEAL]**

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PACIFIC REHABILITATION & WELLNESS CENTER, LP

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Partnership
4. ☒ by personal delivery on *(date)* 2/24/22

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Riverside on 02/16/2022 09:30 AM
Case Number CVRI2200647 0000012081706 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

1  DAWN M. SMITH, SBN 222481
2  SMITH CLINESMITH, LLP
   325 N. St. Paul St., 29th Floor
3  Dallas, TX 75201
   Telephone: (214) 953-1900
4  Facsimile: (214) 953-1901
5  dawn@smithclinesmith.com
   service@smithclinesmith.com
6  Attorneys for Plaintiff

7

         **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
             **IN AND FOR THE COUNTY OF RIVERSIDE**
9

10  LATIFA KHAN, Individually and as heir and )   Case No.: CVRI 2200647
11  Successor in Interest to NAFIU KHAN,       )
    Deceased,                                  )        **C O M P L A I N T**
12                                             )
           Plaintiff,                          )
13                                             )   1. **VIOLATIONS OF THE ELDER**
    v.                                         )      **AND DEPENDENT ADULT CIVIL**
14                                             )      **PROTECTION ACT [Wel. & Instit.**
                                               )      **Code § 15600 et seq.]**
15  RIVERSIDE HEALTHCARE &                     )   2. **VIOLATIONS OF RESIDENT**
    WELLNESS CENTRE, LLC d/b/a ALTA            )      **RIGHTS [HEALTH & SAFETY**
16  VISTA HEALTHCARE & WELLNESS                )      **CODE § 1430(b)];**
    CENTRE; CITRUS WELLNESS CENTER,            )   3. **NEGLIGENCE**
17  LLC; ENSEMBLE HEALTHCARE LLC;              )   4. **WRONGFUL DEATH**
    PACIFIC REHABILITATION &                   )
18  WELLNESS CENTER, LP; PACIFIC               )   **JURY TRIAL DEMANDED**
    WELLNESS GP, LLC; and DOES 1-50;           )
19                                             )
20         Defendants.                         )
                                               )
21                                             )

22
           COMES NOW Plaintiff, LATIFA KHAN, Individually and as heir and Successor in
23
    Interest to NAFIU KHAN, Deceased, by and through undersigned counsel, and files this
24
    Complaint and Demand for Jury Trial against Defendants and states the following:
25
    ///
26
    ///
27

28

                                            -1-
                                        COMPLAINT

# NATURE OF THE CASE

1. This case arises under the Elder and Dependent Adult Civil Protection Act (Welf. & Inst. Code. Sec. 15600 et seq.) based upon Defendants' neglect and deliberate disregard for the health and safety of decedent NAFIU KHAN, a 35-year-old "dependent adult," while at all relevant times a resident at Defendants' skilled nursing facility, RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE ("ALTA VISTA") in Riverside, California.  Defendants, and each of them, (1) were required to meet the basic needs of MS. KHAN, such as nutrition, hydration, hygiene, safety and medical care, including infection control and prevention, and prevention of serious injury, (2) knew of the conditions that made MS. KHAN, a dependent adult, unable to provide for her own basic needs arising from her history of a cirrhosis of the liver, schizophrenia, and anemia; and (3) denied and withheld the services and supervision necessary to meet MS. KHAN'S basic needs with knowledge that MS. KHAN's injuries set forth herein were substantially certain and/or acted with conscious disregard of the high probability of such injuries.

2. On March 4, 2020, Governor Newsom proclaimed a State of Emergency in California as a result of the threat of COVID-19. Pursuant to the State of Emergency Declaration, Defendants owning, operating and controlling ALTA VISTA were on notice of this infectious disease that could cause acute respiratory distress and had constructive notice of their obligations to create and implement an infection control policy pursuant to under Title 22, California Regulations Section 72321 and 72523.

3. Despite awareness of their obligations arising under these regulations as far back as 2017, Defendants who owned operated and controlled ALTA VISTA failed to establish and implement state and federal mandated infection control policies and ALTA VISTA and/or violated their own internal infectious disease policies and procedures.  ALTA VISTA was cited for failure to implement and follow infectious disease protocols on multiple occasions, including but not limited to September 6, 2019, August 19, 2020,

1         November 16, 2020, and February 9, 2021, which includes just days prior to MS.

2         KHAN's untimely death. As a result of Defendants' abuse and neglect, MS. KHAN

3         contracted the novel coronavirus and which caused MS. KHAN substantial pain and

4         suffering and ultimately her rapid demise and untimely death on February 21, 2021.

5   4.  At all relevant time, Defendants' managing agents including but not limited to the

6         Administrator, Andrew Scott, and Directors of Nursing, Julie Corpuz, knew ALTA

7         VISTA's employees/agents were ignoring policies and procedures necessary for the care

8         and safety of MS. KHAN, yet they ignored the ongoing conduct resulting in the injuries

9         and damages alleged herein.

10   5.  Defendants' managing agents, were well aware of the state requirements to implement

11         an infection control policy well in advanced of the COVID-19 outbreak, yet ignored

12         these legal requirements and took no reasonable corrective action to prevent future

13         similar incidences even after being cited on multiple occasions in the months leading up

14         to MS. KHAN's death.  Defendants' managing agents thus knew their residents,

15         including but not limited to MS. KHAN, were substantially certain to be impacted by

16         infections like COVID-19, yet failed to ensure that their infection control policy was

17         properly followed and acted with conscious disregard of the high probability of infection

18         like the one alleged herein.

19   6.  On or about November 16, 2020 and again on February 9, 2021 the facility was cited by

20         the California Department of Health because it had not been in compliance with

21         California regulations surveyed. The managing agents' failed to establish and maintain

22         an infection prevention and control program in the first place that included written

23         standards around identifying, communicating and treating cases of COVID-19 as they

24         arise in the nursing facility.

25                                **JURISDICTION AND VENUE**

26   5.  This cause of action is appropriate in Riverside County inasmuch as Defendants' facility

27         is located in Riverside County, and a substantial part of the events, acts, omissions and

28

SMITH◆CLINESMITH
A NATIONAL TRIAL FIRM

transactions complained of herein occurred in Riverside County. RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE is the Licensee of ALTA VISTA HEALTHCARE & WELLNESS CENTRE, a skilled nursing facility, located at 9020 Garfield Street, Riverside, California, 92503.

6. At all relevant times, RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC owned, operated, managed, or otherwise exercised control of ALTA VISTA HEALTHCARE & WELLNESS CENTRE in Riverside County.

7. At all relevant times, CITRUS WELLNESS CENTER, LLC; ENSEMBLE HEALTHCARE LLC; PACIFIC REHABILITATION & WELLNESS CENTER, LP; and PACIFIC WELLNESS GP, LLC were joint venturers with RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC and DOE Defendants and/or owed, operated, managed, or otherwise exercised control of over RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE in Riverside County. Defendants purposefully availed itself of benefits and protections of California, and did business in California so as to render the exercise of jurisdiction over it by the California courts consistent with the traditional notions of fair play and substantial justice.

8. Defendants DOES 1 – 50 have sufficient minimum contacts with California, or otherwise purposefully availed themselves of benefits and protections of California, or do business in California so as to render the exercise of jurisdiction over it by the California courts consistent with the traditional notions of fair play and substantial justice.

9. Plaintiff LATIFA KHAN, is the mother and successor-in-interest of the decedent, NAFIU KHAN, and at all relevant times all injuries and damages to Plaintiff and Plaintiff's decedent, NAFIU KHAN, occurred in Riverside County. Decedent NAFIU KHAN, was a neglected dependent adult under Welfare & Institutional Code Section

1    15600 et seq, and all tortious clams alleged herein occurred in Riverside County. MS.

2    KHAN is and was at all relevant times a resident of Riverside County.

3    10. The amount in controversy exceeds the jurisdictional minimum of this court.

4                                    **THE PARTIES**

5    9.  At all relevant times, Plaintiff LATIFA KHAN was actively involved in his mother,

6    NAFIU KHAN's care and visited her frequently. LATIFA KHAN is lawfully entitled to

7    pursue all claims and caused of actions for damages pursuant to Code of Civil Procedure

8    sections 377.32, 377.60, 377.61, Welfare and Institution Code section 15657.3(d), and

9    Probate Code section 48.

10   10. At all relevant times, Decedent NAFIU KHAN ("Decedent") was a 35-year-old resident

11   of Riverside County, California and a "dependent adult" under Welfare and Institution

12   Code section 15610.23 and 15657.3(d) who had physical and mental limitations that

13   restricted her ability to carry out normal activities of daily living and she could not

14   protect her rights due to the physical and mental disabilities alleged herein.

15   11. Defendant RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, d/b/a ALTA

16   VISTA HEALTHCARE & WELLNESS CENTRE, was at all relevant times herein the

17   licensee of the skilled nursing facility which provided services at 9020 Garfield Street,

18   Riverside, California, 92503. Defendant may be served with process through its

19   registered agent Derek Cheung at 3580 Wilshire Blvd, Suite 600, Los Angeles, CA,

20   90010, or wherever Defendant may be found.

21   12. Defendant CITRUS WELLNESS CENTER, LLC, was a California Limited Liability

22   Company that was, at all relevant times herein, a joint venterer with and/or the owner,

23   operator, manager, or otherwise exercised control of RIVERSIDE HEALTHCARE &

24   WELLNESS CENTRE, LLC, d/b/a ALTA VISTA HEALTHCARE & WELLNESS

25   CENTRE, a skilled nursing facility, which provided services at 9020 Garfield Street,

26   Riverside, California, 92503.  Defendant may be served with process through its

27

28

1    registered agent Devora Pinson at 7223 Beverly Blvd, Suite 205, Los Angeles, CA,

2    90036, or wherever Defendant may be found.

3    13. Defendant ENSEMBLE HEALTHCARE LLC, was a California Limited Liability

4    Company that was, at all relevant times herein, a joint venterer with and/or the owner,

5    operator, manager, or otherwise exercised control of RIVERSIDE HEALTHCARE &

6    WELLNESS CENTRE, LLC, d/b/a ALTA VISTA HEALTHCARE & WELLNESS

7    CENTRE, a skilled nursing facility, which provided services at 9020 Garfield Street,

8    Riverside, California, 92503.   Defendant may be served with process through its

9    registered agent Devora Pinson at 7223 Beverly Blvd, Suite 205, Los Angeles, CA,

10    90036, or wherever Defendant may be found.

11    14. Defendant PACIFIC REHABILITATION & WELLNESS CENTER, LP, was a

12    California Limited Parnership that was, at all relevant times herein, a joint venterer with

13    and/or the owner, operator, manager, or otherwise exercised control of RIVERSIDE

14    HEALTHCARE & WELLNESS CENTRE, LLC, d/b/a ALTA VISTA HEALTHCARE

15    & WELLNESS CENTRE, a skilled nursing facility, which provided services at 9020

16    Garfield Street, Riverside, California, 92503.   Defendant may be served with process

17    through its registered agent Derek Cheung at 3580 Wilshire Blvd, Suite 600, Los

18    Angeles, CA, 90010, or wherever Defendant may be found.

19    15. Defendant PACIFIC WELLNESS GP, LLC, was a California Limited Liability

20    Company that was, at all relevant times herein, a joint venterer with and/or the owner,

21    operator, manager, or otherwise exercised control of RIVERSIDE HEALTHCARE &

22    WELLNESS CENTRE, LLC, d/b/a ALTA VISTA HEALTHCARE & WELLNESS

23    CENTRE, a skilled nursing facility, which provided services at 9020 Garfield Street,

24    Riverside, California, 92503.   Defendant may be served with process through its

25    registered agent Devora Pinson at 7223 Beverly Blvd, Suite 205, Los Angeles, CA,

26    90036, or wherever Defendant may be found.

27

28

16. Defendant RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, d/b/a ALTA VISTA HEALTHCARE & WELLNESS CENTRE, Defendant CITRUS WELLNESS CENTER, LLC, Defendant ENSEMBLE HEALTHCARE LLC, Defendant PACIFIC REHABILITATION & WELLNESS CENTER, LP, and Defendant PACIFIC WELLNESS GP, LLC as referenced hereinafter are jointly referred to as "ALTA VISTA" of Defendants.

17. Plaintiff is informed and believes and thereon alleges that Defendant ALTA VISTA and DOES 1-40, inclusive are, and, at all times relevant to the acts and occurrences alleged herein were in the business of providing long-term care as a twenty-four-hour skilled nursing care facility as defined in §1250(c) of the Health & Safety Code and were subject to the requirements of Federal and State law. Plaintiff is informed and believe that RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC; CITRUS WELLNESS CENTER, LLC; ENSEMBLE HEALTHCARE LLC; PACIFIC REHABILITATION & WELLNESS CENTER, LP; PACIFIC WELLNESS GP, LLC, and DOES 1-40, inclusive are and were the owners, managers and/or alter-egos of ALTA VISTA HEALTHCARE & WELLNESS CENTRE and ratified the conduct of DOES 1-40 and their respective agents and employees and are therefore vicariously liable for the acts and omissions of these co-Defendants, their agents and employees, as is more fully herein alleged.

18. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-40 inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is ignorant of the true names and capacities of the nurses and /or medical staff on duty and present during the occurrences herein alleged at ALTA VISTA, and therefore sue these nurses or medical staff by the fictitious names of Defendants DOES 1-40 inclusive. Plaintiff is also ignorant of the true names and capacities of the various administrators, officers, and directors of ALTA VISTA, sued herein as DOES 1-40, inclusive, and therefore sue them by such fictitious names. Plaintiff will seek leave of the Court to

amend this Complaint to identify said Defendants when their identities are ascertained. Plaintiff is informed and believes and thereon alleges that DOES 1-40 were licensed or unlicensed health care providers, rendering health care as a skilled nursing facility, and in the respective capacities of owners, managers, administrators, nurses, physician director, or otherwise, agents or employees, to patients, including MS. KHAN. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously named Defendants was in some form or fashion liable and legally responsible for the damages and injuries set forth herein.

19. Defendants DOES 41-50 are nominal defendants and could not be contacted or were not willing to participate in this lawsuit. The nominal defendants are heirs of the decedent's estate and will be added as nominal defendants pursuant to Code of Civil Procedure Section 382.

20. Under the provisions of Welfare & Institutions Code §15610.27, while a resident at ALTA VISTA, Plaintiffs' Decedent NAFIU KHAN was 35 years old and at all times mentioned a "dependent adult" as defined in Welfare & Institutions Code §15610.23 and Defendants were "caretakers" in a trust relationship as defined in Welfare & Institutions Code §15610.17.

21. Defendants, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of one another, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture when they negligently, carelessly, recklessly, and unlawfully withheld necessary care from MS. KHAN so as to cause Plaintiff's injuries and damages and MS. KHAN'S pain and suffering and death as alleged herein.

**FACTUAL BACKGROUND**

16. Whenever in this Complaint it is alleged that a Defendant did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, or representatives did such act or thing and that at the time of such act or thing was done, it was done with the full

-8-
COMPLAINT

1  authorization or ratification of the Defendant, with implied or apparent authority, or was

2  done in the normal routine course and scope of employment of Defendant's officers,

3  agents, servants, employees, or representatives.

4  17. The California Legislature has recognized the important role of civil litigation in

5  remedying abuse and neglect of elders and dependent adults.  As stated in the Elder

6  Abuse and Dependent Adult Civil Protection Act ("Elder Abuse Act"):

> The Legislature recognizes that elders and dependent adults may be subjected to abuse, neglect, or abandonment and that this state has a responsibility to protect these persons…[and]
> The Legislature further finds and declares that infirm elderly persons and dependent adults are a disadvantaged class, that cases of abuse of these persons are seldom prosecuted as criminal matters, and few civil cases are brought in connection with this abuse due to problems of proof, court delays, and due to the lack of incentives to prosecute these suits…[and]
> It is the further intent of the Legislature…to enable interested persons to engage attorneys to take up the cause of abused elderly persons and dependent adults.  [Wel. & Inst. Code Sec. 15600]

15  18. During NAFIU KHAN's residence at ALTA VISTA, the Defendants knew that MS.

16  KHAN was in a compromised physical state. As a result, she required close supervision,

17  close monitoring, and medical attention to ensure her health, safety and well-being.

18  Defendant also knew by virtue of MS. KHAN's physical state that she was dependent

19  upon them for her activities of daily living including, but not limited to, feeding and

20  dietary planning, skin care, hygiene infection control/prevention, toileting, and physical

21  rehabilitation/exercise.

22  19. At all relevant times, MS. KHAN, decedent, was a 61-year-old female with a medical

23  history of a cirrhosis of the liver, schizophrenia, anemia, broken leg and other

24  comorbidities that made her uniquely vulnerable and dependent on Defendants for all

25  activities of daily living.  Each and all of MS. KHAN's comorbidities, of which the

26  Defendants were aware at all times, made MS. KHAN extremely susceptible to

27

28

1    contracting airborne ailments and infections due to her comorbidities and underlying

2    health conditions.

3    20. December of 2020, Decedent was admitted to ALTA VISTA for rehabilitation of her

4    broken leg after surgery at Parkview Community Hospital.  She was admitted with the

5    hope and goal that with physical therapy she would regain enough strength to return

6    home.  That goal was never realized.

7    21. ALTA VISTA and DOES 1-40, and each of them, were charged with providing

8    necessary care and rehabilitation services to dependent and elderly adults in Riverside

9    County.   Like other skilled nursing facilities ("SNFs"), ALTA VISTA and all

10    Defendants, were entrusted with highly vulnerable individuals, including but not limited

11    to MS. KHAN, who often had many physical impairments that required extensive

12    assistance in the basic activities of daily living such as ambulation, rehabilitation and

13    exercise, and avoiding otherwise avoidable illnesses.

14    22. Like the other residents at Defendants' facility, ALTA VISTA, MS. KHAN was entirely

15    dependent on Defendants.  Defendants' most important duty was to protect residents

16    from health and safety hazards.  Defendants failed to meet their responsibilities to

17    provide for the health and safety of MS. KHAN and as a direct and proximate cause of

18    Defendants' failure to meet those responsibilities MS. KHAN contracted COVID-19,

19    which caused extensive and unnecessary pain and suffering during the final days of her

20    life her ultimate untimely death.

21    23. Defendants, and each of them, knew of the conditions that made MS. KHAN unable to

22    provide for her own basic needs, and MS. KHAN was dependent on Defendants for

23    nutrition and hydration, bed mobility, transfers, dressing, toileting, bathing and all

24    personal hygiene needs including dental care.

25    24. While in the care of Defendants, MS. KHAN, was regularly not changed by the nurses

26    and was further denied assistance to the restroom.

27

28

-10-
COMPLAINT

25. Latifa Khan, mother of Nafiu Khan, was unable to visit the descendant during her residency due to the Defendants facility's lockdown protocol not allowing visitors.

26. During MS. KHAN's residency at Defendants' facility, she had two separate falls.

27. On or about February 10, 2021, MS. KHAN began having trouble breathing and was transferred to Parkview Community Hospital. Upon admission, MS. KHAN tested positive for COVID-19 and was placed in intensive care and on life support given that she was unresponsive.

28. On February 21, 2021, MS. KHAN died from respiratory failure due to COVID-19.

29. California Regulations clearly demonstrate that at least as early as 2011, California Nursing homes were required to create, implement, maintain, and train their staff as to proper infection control techniques, an obligation which pertained to Defendants and ALTA VISTA inasmuch as they claim to operate their facility as a skilled nursing facility.

30. Despite this regulatory requirement, Defendants and ALTA VISTA failed to either create, implement, maintain, or train their staff in the proper infection control mechanisms necessary to avoid the transmission of disease.

31. Defendants' chronic violation of staff-to-patient ratios, inadequate training of its staff in relation to infection control, and failure to provide for MS. KHAN's safety and care after assessing her as suffering from decreased mobility as alleged herein amounted to *reckless neglect,* as Defendants' conduct towards NAFIU KHAN arose to the level of a conscious choice of a course of action with knowledge of the serious danger to MS. KHAN.

32. Despite their awareness of the risks to Plaintiff's decedent's health and well-being, Defendants and each of them repeatedly and flagrantly violated several provisions of title 22 of the California Code of Regulations as follows:

    a. failed to frequently monitor decedent's condition in order to prevent injury [§72311(a)(1)(A)];

b.  failed to develop a care plan with measurable objectives to assure decedent received adequate care [§72311(a)(1)(B)];

c.  failed to notify decedent's treating physician of adverse changes in her condition [§72311(a)(3)(B)];

d.  failed to properly organize, manage, operate, and/or control ALTA VISTA [§72501];

e.  violated decedent's right to be free from mental and/or physical abuse [§72527(a)(9)];

f.  violated decedent's right to be treated with consideration, respect and full recognition of dignity and individuality, including privacy in treatment and in care of personal needs [§72527(a)(11)];

g.  failed to document reasons for the denial or limitations of decedent's rights in her health record;

h.  failed to properly implement and maintain a proper infection prevention and control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of communicable diseases and infections [§72321(b)].

i.  ALTA VISTA failed to develop a comprehensive care plan for decedent which included measurable objectives and timetables to meet her medical, nursing, mental and psycho social needs identified in the comprehensive assessment for decedent; more specifically, they failed to develop a realistic plan to assess her ongoing pain, given defendant's knowledge that decedent had limited cognitive abilities [§72311(a)(2)];

j.  during decedent's stay, ALTA VISTA failed to maintain an adequate number of qualified personnel to carry out the functions of the facility, especially in light of the number of patients in its facility and the acuity of care necessary for the population of patients; ALTA VISTA also failed to maintain the bare minimum

daily average of 3.0 nursing hours per patient per day [§§72329(a) and (f), 72501(e)].

k.  In addition, and also despite their awareness of the risks to decedent's health and well-being, the care custodian defendants and each of them failed to employ an adequate number of qualified personnel at ALTA VISTA throughout the course of decedent's residency, a repeated and flagrant violation of Health and Safety Code §1599.1(a);

l.  All of other State regulations and statutes designed to protect against the harm alleged herein.

33. Defendants failed to implement effective infection control policies throughout their facility, including:

a.  Failing to enforce social distancing among residents;

b.  Failing to cancel all group activities and communal dinning;

c.  Failing to timely restrict all visitors;

d.  Failing to ensure appropriate staffing levels;

e.  Failing to adequately screen employees, volunteers and non-essential healthcare personnel prior to allowing heir entrance into the facility;

f.  Failing to actively screen everyone entering the building for fever and symptoms of COVID-19;

g.  Failing to monitor local, state and federal health guidance on the coronavirus for maintaining the safety of its residents

all of which resulted in MS. KHAN to contracting COVID-19. The combination of these failures effectively caused catastrophic damage to MS. KHAN, who passed away from COVID-19 ailments on February 21, 2021.

34. In addition, and also despite their awareness of the risks to decedent's health and well-being, the care custodian defendants and each of them repeatedly violated several provisions of title 42 of the Federal Code of Regulations as follows:

-13-
COMPLAINT

a. failed to review and revise said defendants' assessment of decedent's needs as her condition changed [42 C.F.R. §483.20(b)(5)];

b. failed to develop a comprehensive care plan for meeting decedent's needs [42 C.F.R. §483.20(d)];

c. failed to provide decedent with the necessary care and services required to attain or maintain the highest practicable physical, mental and psychosocial well-being [42 C.F.R. §483.25], including ensuring she was free of infection;

d. failed to provide proper nursing services, including but not limited to maintaining sufficient staffing levels to provide proper care [42 C.F.R. §483.30];

e. failed to develop a comprehensive care plan for decedent which included measurable objectives and timetables to meet her medical, nursing, mental and psycho social needs identified in the comprehensive assessment for decedent; more specifically, they failed to develop a realistic plan to assess her needs given Defendants' knowledge that decedent had limited cognitive abilities [42 C.F.R. §§483.20(i) and (k)];

f. failed to provide an environment to promote maintenance or enhancement of decedent's quality of life and violated decedent's right to be treated with dignity and respect [42 C.F.R. §483.15];

g. failed to provide sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psycho social well-being of decedent and other residents [42 C.F.R. §483.30]

h. failed to properly implement and maintain a proper infection prevention and control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of communicable diseases and infections [42 C.F.R. §483.80].

35. As a direct and legal result of the foregoing, decedent was injured and sustained personal injury in a sum according to proof at trial.

36. As a further and direct result of the foregoing, Plaintiff required acute medical care and has incurred medical expenses in a sum according to proof at trial.

## COUNT I – ELDER ABUSE AND DEPENDENT ADULT CIVIL PROTECTION ACT

### (AGAINST ALL DEFENDANTS)

37. Plaintiff incorporates by reference and re-alleges all of the allegations contained in the preceding paragraphs as though set forth fully herein.

38. At all relevant times NAFIU KHAN was a dependent adult as defined by Welfare Institutions Code section 15610.27. She was 35 years of age at the time of Defendants' misconduct and completely reliant on Defendants for all of her care needs in light of her history of broken leg, cirrhosis of the liver, schizophrenia, anemia, as well as all other comorbidities.

39. The actions described herein constitute neglect as defined by Welfare and Institutions Code section 15610.57. Defendants, and each of them, neglected MS. KHAN, abandoned their obligations and engaged in other mistreatment that resulted in physical harm, pain and mental suffering.

40. Defendants as MS. KHAN's care custodians, deprived MS. KHAN of services that were necessary to avoid physical harm and mental suffering. Defendants failed to provide adequate funding and staffing to ensure that Defendants provided necessary care to MS. KHAN. Defendant failed to: (1) protect MS. KHAN from health and safety hazards (3) provide necessary care and protection in light of her vulnerable condition and her inability to care for her own needs; (4) provide medical care for physical and mental health needs; (6) create and update an adequate plan of care to protect MS. KHAN given the COVID-19 outbreak at ALTA VISTA; (7) provide adequate staffing levels to provide MS. KHAN with the assistance that she needed; and (8) adequately train staff to assess and respond to infections outbreaks. As described in this Complaint, Defendants'

conduct constitutes neglect of an elder under Welfare and Institutions Code section 15610.57(a)(1) and (b)(1)-(4).

41. MS. KHAN has been harmed by Defendants conduct as described herein. The pattern of substandard care and neglect to MS. KHAN put her at extremely high risk for further injury and contracting COVID-19, and the resulting complications, including injury and death. Defendants' conduct was a substantial factor in causing MS. KHAN to suffer physical, emotional, and economic harm, as well as other damages in an amount to be determined according to proof.

42. Defendants acted with recklessness, malice, oppression and/or fraud. Among other things, Defendants neglected to take the necessary precautions to prevent MS. KHAN's injuries. Defendants' failure to properly implement an infection control policy in accordance with state guidance as alleged herein amounted to, at a minimum constitutes *reckless neglect,* as Defendants' conduct towards NAFIU KHAN rises to the level of a conscious choice of a course of action with knowledge of the serious danger to MS. KHAN.

43. Plaintiff, individually and as successor in interest to MS. KHAN is entitled to compensatory damages, as well as punitive damages in an amount to be determined according to proof, as well as attorney's fees and costs pursuant to Welfare and Institutions Code Section 15657.

44. As a direct and proximate cause of Defendants' tortious misconduct decedent suffered personal injuries and economic damages in a sum to be proven at the time of trial. MS. KHAN suffered tremendous physical, emotional, and economic harm as well as other damages in an amount to be determined according to proof.

///

///

///

///

**COUNT II – VIOLATION OF RESIDENT RIGHTS**

**[HEALTH & SAFETY CODE § 1430(b)]**

(AGAINST ALL DEFENDANTS)

45. Plaintiff incorporates all allegations set forth above, inclusive, as though set forth in full herein.

46. The acts and omissions of Defendants alleged herein constitute violations of residents' rights within the meaning of Health and Safety Code section 1430(b). This statute allows a current or former resident to pursue damages, and attorney's fees, for violations of residents' rights set forth in Title 22 of the California Code of Regulations section 72527 and other state and federal laws and regulations.

47. Defendants' conduct as described in the foregoing sections violated several of decedent's statutory rights, including but not limited to:

    a) Right to be treated with consideration, respect, and full recognition of dignity (Cal. Code Regs., tit. 22, § 72527(a)(12));

    b) Right to have individualized individual care needs identified based on assessment of patient's needs with input from patient and, if necessary, health professionals involved in the care of the patient (Cal. Code Regs., tit. 22, § 72311(a)(1)(A); 42 C.F.R. §§ 483.10(f),483.20(b)(1); 42 U.S.C. § 1395i-3(b)(3));

    c) Right to receive care as implemented by individualized written patientcare plan indicating the care to be given, objectives to be accomplished, and the professional discipline responsible for each element of care (Cal. Code Regs., tit. 22, § 72311(a)(1)(B); 42 C.F.R.§483.10(c));

    d) Right to have patient care plans reviewed, evaluated, and updated as necessary and more often if there is a change of the patient's condition (Cal. Code Regs., tit. 22, § 72311(a)(1)(C));

e) Right to receive care as implemented by the patient care plan according to the methods indicated (Cal. Code Regs., tit. 22, §72311(a)(2); 42 U.S.C. § 1395i-3(b)(4));

f) Right to receive care pursuant to physician's orders in the administration of medication and/or treatment, to have medication and treatment as prescribed, and for a record of the administration of medication and treatment prepared (Cal. Code of Regs., tit. 22, §§ 72313 (a)(1)-(2) and (c));

g) Right to have a record of nurses' notes that are clear and legible, dated and signed, among other qualifications, including narratives or how a patient responds, eats, drinks, looks, feels, and reacts (Cal. Code Regs., tit. 22, § 72547(a)(5));

h) Right for the resident or responsible party to have the opportunity to participate in an immediate and ongoing basis in the total plan of care including identification of medical, nursing, and psychosocial needs and the planning of related services (Cal. Code Regs., tit. 22, § 72527(a)(3); 42 C.F.R. § 483.10(c));

i) Right to have physician notified of any change of condition and to have all attempts to notify physician noted in patient's health record(Cal. Code Regs., tit. 22, § 72311(a)(3) and (b));

j) Right to receive pharmaceutical and physical therapy services for effective pain management (Cal. Code Regs., tit. 22, §§ 72355,72403(b)(3));

k) Right to receive care in such a manner and in such an environment by facility staff to be free from mental and physical abuse and neglect (Cal. Code Regs., tit. 22, § 72527(a)(10); 42 C.F.R. § 483.12);

l) Right to have adequate number of qualified personnel to carry out all functions of the facility and to meet patients' needs as well as adequate training and competent supervision (Cal. Code of Regs., tit.22, §§ 72329 and 72329.1; Health & Saf. Code, § 1599.1(a); 42C.F.R. §§ 483.35, 483.95).

48. Defendants violated the above-referenced resident rights when they failed to provide appropriate services to prevent serious injury to DECEDENT.

49. Plaintiff is entitled to attorney's fees and costs in addition to other remedies set forth in Health and Safety Code section 1430(b).

## COUNT III – NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

50. Plaintiff incorporates all allegations set forth above, inclusive, as though set forth in full herein.

51. Plaintiff was a resident of Defendants' ALTA VISTA facility and under the care of Defendants, and each of them, from on or about December of 2020 to February 10, 2021. By virtue of the foregoing, Defendants and each of them owed a duty of ordinary care to the decedent NAFIU KHAN to use that degree of care and skill that a reasonably prudent person would use under the same or similar circumstances, including but not limited to a duty to:

    a.  Ensure that each care worker receive adequate training before working with Decedent;

    b.  Monitor, record and report changes in MS. KHAN's condition;

    c.  Note and properly react to emergent conditions, and provide timely medical care to Decedent or otherwise act appropriately when conditions indicate; and

    d.  Treat Decedent as an individual with respect, dignity, and without abuse.

52. Defendants and each of them breached the aforesaid duty of care as alleged herein.

53. Defendants' negligence, carelessness, recklessness, and unlawfulness was a substantial factor in causing MS. KHAN to suffer tremendous physical, emotional, economic and fatal harm as well as other damages to be proven at the time of trial.

54. As a direct and proximate cause of Defendants' tortious misconduct decedent suffered personal injuries and economic damages in a sum to be proven at the time of trial. MS.

1    KHAN suffered tremendous physical, emotional, economic and fatal harm as well as

2    other damages in an amount to be determined according to proof.

**ENHANCED REMEDIES - WILFULL MISCONDUCT**

(AGAINST ALL DEFENDANTS)

5    55. Plaintiff incorporates by reference and re-alleges all of the allegations contained in the

6    preceding paragraphs as though set forth fully herein.

7    56. Because MS. KHAN was a resident of ALTA VISTA, defendants ALTA VISTA and

8    DOES 1 to 40, inclusive, had a duty under federal and state law and regulations designed

9    and implemented for the protection and benefit of skilled nursing resident including MS.

10    KHAN to provide their patients with care, comfort and safety.

11    57. Defendants ALTA VISTA and DOES 1 to 40, inclusive, owed a duty to MS. KHAN to

12    provide her with 24-hour nursing care and physician services necessary to attain and

13    maintain Plaintiff's highest practicable level of physical, mental and psycho social well-

14    being.

15    58. In addition, and without limiting the generality of the foregoing, Defendants, and each

16    of them, had a duty to provide skilled nursing care and physician services in accordance

17    with the prevailing Standard of Practice in the skilled nursing facilities and State and

18    Federal laws and regulations;

19        a. establish and implement a patient-care plan for plaintiff based upon and

20           including without limitation an ongoing process of identifying care needs;

21        b. maintain nursing and other staffing at levels adequate to meet the needs of

22           decedent;

23        c. follow proper nursing and physician care standards to maximize the health,

24           safety and well-being of decedent;

25        d. note and properly react to emergency conditions and to timely transfer

26           decedent to an acute care facility or otherwise act when conditions so

27           indicated;

28

-20-
COMPLAINT

    e.   maintain accurate records of decedent's condition, treatment and activity;

    f.   employ nursing staff with the qualifications to provide the necessary nursing services for plaintiff;

    g.   implement the facility policy and procedures consistently;

    h.   keep all current clinical information centralized in decedent's health record;

    i.   provide appropriate records for physicians and ancillary orders;

59. Defendants, and each of them, inclusive and each of them, willfully and/or recklessly ignored or otherwise violated the state and federal laws and regulations designed to protect patients of skilled nursing facilities, including MS. KHAN; said laws include, without limitation, those statutes and regulations set forth herein.

60. These acts were intentional and in reckless disregard for the probability that severe injury or death would result from defendants' failure to carefully adhere to their duties. Defendant's managing agents including but not limited to the Director of Nursing and Administrator knew of staff failures and ratified that conduct by failing to take any reasonable action to implement proper protocols to protect against severe injury and death.

61. Defendants, and each of them, knew or should have known in the exercise of reasonable diligence, that there was a probability that injury or death to MS. KHAN would result from their failure to perform their duties.

62. At all times herein mentioned, Defendants, and each of them, knew of the existence of the regulations and laws that protected elders and dependent adults and knew that the lives and health of residents such as decedent were at risk whenever defendants failed to meet such duties.

63. Defendants, and each of them, knew their routine, pattern and repeated failure to comply with such duties would probably result in injuries to residents, including MS. KHAN and in fact, did result in injury to MS. KHAN.

64. In breaching their duties described here, defendants acted intentionally and in conscious disregard of the health and safety of their residents, including decedent, all according to the plan of maintaining inadequate resident care, thereby unlawfully increasing the profitability of Defendants' business operations.

65. That is defendants, under the control of and management of Defendants, and each of them, determined that they would ignore common and basic legally required minimum care to the elders and dependent under their care and custody for the sole purpose of increasing profits irrespective of the mayhem and death defendant's conduct was reaping upon the elders, including MS. KHAN.

66. In doing the acts alleged herein, Defendants, and each of them, breached certain duties which would require them to devote resources to the care and treatment of patients like MS. KHAN and to maintain adequate staffing levels, not to divert those resources solely to the attainment of profit goals.

## COUNT IV—WRONGFUL DEATH

### (AGAINST ALL DEFENDANTS)

67. Plaintiff incorporates by reference and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

68. Defendants, and each of them, negligently, carelessly, recklessly and/or unlawfully operated ALTA VISTA so as to cause the death of MS. KHAN.

69. Defendants, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of one another, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture when they negligently, carelessly, recklessly, and unlawfully withheld necessary care from MS. KHAN so as to cause MS. KHAN'S death.

70. As a direct and legal result of the wrongful acts and omissions of the Defendants, MS. KHAN died.

71. By reason of the wrongful death of MS. KHAN resulting from the wrongful acts and omissions of the Defendants, and DOES 1-40, Plaintiff has incurred funeral and burial expenses, and related out-of-pocket expenses, in an amount to be determined at trial.

72. By reason of the wrongful death of MS. KHAN, resulting from the wrongful acts and omissions of Defendants, and DOES 1-40, Plaintiff suffered and continue to suffer loss of love, companionship, comfort, affection, solace, and the moral and support of his mother.

73. As a direct a legal result of the aforementioned acts of Defendants ALTA VISTA, and DOES 1-40, Plaintiffs, by reason of the wrongful death of NAFIU KHAN, resulting from the wrongful acts and/or omissions of Defendants, hereby seek recovery of other such relief as may be just and provided for under Code of Civ. Proc. § 377.61.

74. Plaintiffs are informed and believe, and thereon allege, that in the days leading up to NAFIU KHAN's death and continuing through her death, Defendants ALTA VISTA and DOES 1 through 40, and each of them, at all times mentioned, were under a statutory duty to comply with all applicable federal and state laws and regulations governing nursing homes in California, including but not limited to the following:

- 42 C.F.R. § 483.10(a) & (e) (respect, dignity, & without abuse);
- 42 C.F.R. § 483.21 (care plan);
- 42 C.F.R. § 483.25 (quality care must be provided, protecting for health and safety hazards);
- 42 C.F.R. § 483.30 (adequate physician oversight);
- Cal. Health & Safety Code § 1279.6 (safety plan);
- Cal. Health & Safety Code § 1337.1 (adequate training);
- Cal. Health & Safety Code § 1559.1(a) (adequate and qualified staff);
- 22 CCR § 72311 (Care plan and prompt reporting)
- 22 CCR § 72315 (required services);
- 22 CCR § 72329(a) & 72501(e) (adequate staffing);

1      •   22 CCR § 72517 (adequate training);

2      •   22 CCR § 72523 (adequate policies and procedures);

3      •   22 CCR § 72527(a)(11) (respect, dignity, & without abuse);

4      •   22 CCR § 72537 (reporting of communicable diseases);

5      •   22 CCR § 72539 (reporting of outbreaks);

6      •   22 CCR § 72541 (reporting of unusual occurrences);

7      •   42 U.S.C. § 1396r(b)(2) (adequate plan of care);

8 Defendants' violations of these laws and regulations were a contributing factor to the death

9 of NAFIU KHAN.

10   75. NAFIU KHAN was one of the class of persons whose protection the aforementioned

11      laws and regulation, as well as welfare and Institutions Code §§15600 *et seq.,* was

12      afforded.

13   76. As a direct and legal result of the wrongful acts and omissions of Defendants and each

14      of them, NAFIU KHAN died.

15   77. By reason of the wrongful death of NAFIU KHAN resulting from the wrongful acts and

16      omissions of Defendants, and DOES 1-40, Plaintiffs have incurred funeral and burial

17      expenses, and related medical expenses, in an amount to be determined at trial.

18   78. By reason of the wrongful death of NAFIU KHAN, resulting from the wrongful acts and

19      omissions of Defendants

20            **PRAYER FOR RELIEF**

21     **WHEREFORE,** Plaintiff prays for judgment and damages against Defendant as

22 follows:

23      a.   General and special compensatory damages according to proof;

24      b.   Punitive damages according to proof, including but not limited to treble punitive

25         damages per Civil Code section 3345;

26      c.   For statutory damages according to proof pursuant to Health & Safety Code

27         section 1430(b);

28

d.  For prejudgment and post-judgment interest upon such judgment at the maximum rate provided by law;

e.  Reasonable costs of suit;

f.  Attorney's fees per Welfare and Institutions Code section 15657 and Health and Safety Code section 1430(b); and

g.  Such other or further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED

February 10, 2022                                    SMITH CLINESMITH LLP

Dawn M. Smith, SBN 222481
325 N. St. Paul St., 29th Floor
Dallas, TX 75201
Telephone:  (214) 953-1900
Facsimile:  (214) 953-1901
dawn@smithclinesmith.com
Attorney for Plaintiffs

**JURY TRIAL HEREIN DEMANDED**

February 10, 2022                                    SMITH CLINESMITH LLP

Dawn M. Smith, SBN 222481
325 N. St. Paul St., 29th Floor
Dallas, TX 75201
Telephone:  (214) 953-1900
Facsimile:  (214) 953-1901
dawn@smithclinesmith.com
Attorney for Plaintiffs

-25-
COMPLAINT

Electronically FILED by Superior Court of California, County of Riverside on 02/16/2022 03:30 AM
Case Number CVRI2200647 0000012081707 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Aracell Amezcua, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dawn M. Smith SBN 222481<br>325 N. St. Paul St., 29th Floor<br>Dallas, Texas 75201 | |

TELEPHONE NO.: 214-953-1900  FAX NO. *(Optional):* 214-953-1901
ATTORNEY FOR *(Name):* Plaintiff Latifa Khan

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 MAIN ST
MAILING ADDRESS: 4050 MAIN ST
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: RIVERSIDE HISTORIC COURTHOUSE

CASE NAME:
LATIFA KHAN, et al. v. RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2200647 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* THREE
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 10, 2022

Dawn M. Smith
_____
(TYPE OR PRINT NAME)                    ► _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Electronically FILED by Superior Court of California, County of Riverside on 02/16/2022 09:30 AM
Case Number CVRI2200647 0000012081709 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | RI-CI032 |
|---|---|
| DAWN M. SMITH, SBN 222481<br>SMITH CLINESMITH, LLP<br>325 N. ST. PAUL STREET, 29TH FLOOR<br>DALLAS, TX 75201<br>TELEPHONE NO: 214-953-1900  FAX NO. *(Optional)*: 214-953-1901<br>E-MAIL ADDRESS *(Optional)*: service@smithclinesmith.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF, LATIFA KHAN | *FOR COURT USE ONLY* |

PLAINTIFF/PETITIONER: Latifa Khan, et al.

DEFENDANT/RESPONDENT: Riverside Healthcare & Welness Centre, LLC, et al.

CASE NUMBER:
CVRI2200647

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:  95203 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   February 16, 2022 _____

DAWN M. SMITH _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov
**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:

- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:

- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

### Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

### Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- ☑ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ☑ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ☑ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - ☑ Your preferences for mediation or arbitration.
   - ☑ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ☑ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ☑ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-ADR001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:      FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY)<br>☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Page 1 of 1
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
**Branch Name:** Historic Court House
**Mailing Address: 4050 Main Street**
**City, State and Zip Code: Riverside CA 92501**

**SHORT TITLE:** KHAN vs RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC

| | **CASE NUMBER:** |
|---|---|
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CVRI2200647 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of RIVERSIDE. In order to process the filing, the fee shown was assessed.

## Electronic Filing Summary Data

Electronically Submitted By: One Legal
Reference Number: 17701886
Submission Number: 22RSCR00037306
Court Received Date: 02/16/2022
Court Received Time: 9:30 am
Case Number: CVRI2200647
Case Title: KHAN vs RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC
Location: Historic Court House
Case Type: Civil
Case Category: Unlimited Civil Other Personal Injury/Property Damage/Wrongful Death Tort
Jurisdictional Amount: Amount over $25,000
Notice Generated Date: 02/17/2022
Notice Generated Time: 2:28 pm

## Documents Electronically Filed/Received     Status

| | |
|---|---|
| Complaint for Other Personal Injury/Property Damage/Wrongful Death Tort (Over $25,000) | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons Issued and Filed | Accepted |
| Certificate of Counsel. | Accepted |

**NOTICE OF CONFIRMATION OF FILING**

ADR Packet                                    Accepted

## **Comments**
Submitter's Comments: Please file stamp with today's date upon receipt.

Clerk's Comments:

## **Electronic Filing Service Provider Information**
Service Provider: One Legal
Contact: One Legal
Phone: (800) 938-8815

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2200647

**Case Name:**   KHAN vs RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 02/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
A. Amezcua, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)