Remand/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:22-cv-00526-JLS-MAR                               Date: June 03, 2022
Title:  Latifa Khan v. Riverside Healthcare et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kane Tien | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                     Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Doc. 10)**

Before the Court is a Motion to Remand filed by Plaintiff Latifa Khan, individually and as heir and Successor in Interest to Nafiu Khan, Deceased.  (Mot., Doc. 10.)  The Court set a briefing scheduling regarding Plaintiff's Motion and noted that it would deem the matter under submission upon completion of that schedule.  (Order, Doc. 12.)  Pursuant to that schedule, Defendants filed an opposition brief.  (Opp., Doc. 14.)  The briefing schedule is now complete.  For the following reasons, the Court now GRANTS Plaintiff's Motion.

On February 16, 2022, in the Superior Court of California (County of Riverside), Plaintiff filed a complaint ("Complaint") asserting claims of Violations of the Elder and Dependent Adult Civil Protection Act (Welf. & Inst. Code § 15600, *et seq*.), Violation of Resident Rights (Health & Safety Code § 1430(b)), Negligence, and Wrongful Death.  (Ex. A (Complaint), Doc. 1-1.)  On March 27, 2022, Defendants Riverside Healthcare & Wellness Centre, LLC d/b/a Alta Vista Healthcare & Wellness Centre and Pacific Rehabilitation & Wellness Center, LP ("Defendants") removed the instant action to this Court asserting federal question and federal officer jurisdiction on the basis of the federal Public Readiness and Emergency Preparedness Act.  (Notice of Removal at 3, 12, Doc. 1.)  Plaintiff argues that this Court lacks jurisdiction.  The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:22-cv-00526-JLS-MAR                                         Date: June 03, 2022
Title: Latifa Khan v. Riverside Healthcare et al

*First*, Defendants assert that this Court has federal question jurisdiction because "the allegations contained in the Complaint reflect that a 'covered person' was involved in 'recommended activity' relative to a 'covered countermeasure' and therefore presents a federal question under the PREP Act, 42 U.S.C. §§ 247d-6d, 247d-6e." (Notice of Removal at 3, Doc. 1.) However, under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). Here, Plaintiff's Complaint "does not state a claim that 'arises under' federal law." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana,* 213 F.3d 1108, 1113 (9th Cir. 2000). The causes of action asserted in the Complaint arise under state not federal law. (Ex. A (Complaint), Doc. 1-1.) Therefore, federal question jurisdiction simply "does not attach here." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

Defendants nonetheless contend that this Court has jurisdiction because the PREP Act completely preempts the Plaintiff's claims, and the Complaint "necessarily implicates disputed and substantial federal issues" under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mf'g.,* 545 U.S. 308 (2005). (*See*, *e.g.*, Notice of Removal at 6-7, 10-12, Doc. 1.) As to Defendants' complete preemption argument, the Ninth Circuit has already confirmed that "the PREP Act is not a complete preemption statute." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 687-88 (9th Cir. 2022) (holding that the district court did not err in remanding case asserting elder abuse, willful misconduct, custodial negligence, and wrongful death causes of action); *see also Figueroa v. Anaheim Terrace Care Ctr. LLC*, 2021 WL 5232647, at *3 (C.D. Cal. Nov. 10, 2021) (Staton, J.). Nor does Plaintiffs' Complaint, which asserts exclusively state-law causes of action, necessarily raise "disputed and substantial questions of federal law." *See City of Oakland v. BP PLC*, 696 F.3d 895, 905-907 (9th Cir. 2020); *Martin v. Filart*, 2022 WL 576012, at *1 (9th Cir. Feb. 25, 2022) (affirming district court's remand order in case involving PREP Act in part because "[t]he [state-law] causes of action in the complaint do not necessarily raise substantial federal issues that are 'actually disputed' and 'capable of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:22-cv-00526-JLS-MAR                              Date: June 03, 2022
Title:  Latifa Khan v. Riverside Healthcare et al

resolution in federal court without disrupting the federal-state balance approved by Congress.'").

*Second*, Defendants contend that this case is "removable under 28 U.S.C. § (a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer."  (Notice of Removal at 12, Doc. 1.)  To invoke removal pursuant to § 1442(a)(1), a defendant in a state court action must demonstrate that "'(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'"  *Saldana*, 27 F.4th at 687-88 (quoting *Fidelitad, Inc. v. Insitu, Inc.*, 904 F. 3d 1095, 1099 (9th Cir. 2018)).

Here, even construing the removal statute broadly, Defendants' removal notice does not establish that they acted "'pursuant to a federal officer's directions.'"  *Id.*  Defendants allege "only that [they] acted on the basis of public health guidance and federal directives issued by the Centers for Disease Control and Prevention ('CDC') and Centers for Medicare & Medicaid Services ('CMS')."  *Figueroa*, 2021 WL 5232647, at *4; (Notice of Removal at 13 (noting that "Defendants, in taking steps to prevent the spread of COVID-19, did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19"), Doc. 1.)  As the Ninth Circuit noted in *Saldana*, "'simply *complying*' with a law or regulation is not enough to 'bring a private person within the scope of the statute.'"  *Saldana*, 27 F.4th at 684 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007)) (emphasis in original); *see also Figueroa*, 2021 WL 5232647, at *4.  Because the Defendants have shown only that they "operated as a private entity subject to government regulations, and . . . received additional regulations and recommendations from federal agencies" during the COVID-19 pandemic, the Defendants were not "acting under" a federal officer.  *Saldana*, 27 F.4th at 686; *Fidelitad*, 904 F.3d at 1101.  Therefore, this action does not fall within "the scope of the federal officer removal statute." *Id.* at 1100.

**Remand/ JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:22-cv-00526-JLS-MAR                                       Date: June 03, 2022
Title:  Latifa Khan v. Riverside Healthcare et al

    For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case and **REMANDS** it to the Superior Court of California (County of Riverside), Case No. CVRI2200647.

    Initials of Deputy Clerk: KT